UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:05CV1598 CDP |
| ANHEUSER-BUSCH, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The Equal Employment Opportunity Commission (EEOC) alleges that defendant Anheuser-Busch Inc. (A-B) violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., by disciplining and terminating Frank Cooper in retaliation for the filing of a race discrimination suit against A-B. Three motions are now pending in this case. A-B moves to transfer this case to United States District Judge Donald A. Stohr, who presided over Cooper's previous race discrimination suit against A-B. A-B also moves to dismiss this case as barred by res judicata. Finally, Cooper moves to intervene as a plaintiff.

Because the EEOC and Cooper present claims based on facts that arose after the filing of Cooper's previous race discrimination suit, I conclude that res judicata does not bar them from asserting their claims of retaliatory discharge in this case.

While I recognize that Judge Stohr ruled on the cause of Cooper's termination, the events surrounding Cooper's termination were not properly before him, and therefore his ruling cannot preclude the EEOC and Cooper's present challenge to that same event. Accordingly, I will deny A-B's motions to transfer and dismiss, and I will grant Cooper's motion to intervene.

## **Background**

Frank Cooper worked for A-B from August 13, 1984 until his termination on March 4, 2004. On January 16, 2003, Cooper filed a charge of discrimination with the EEOC alleging that A-B had subjected him to harassment and unwarranted discipline on account of his race, disability, and in retaliation for his previous complaints regarding discrimination. The EEOC issued Cooper a right-to-sue letter, and on October 27, 2003 Cooper filed a pro se complaint against A-B titled <u>Frank Cooper, Sr. v. Anheuser-Busch Co.</u>, No. 4:03CV1538 DJS (E.D. Mo.). Although Cooper was still employed by A-B at the time, he selected the boxes "failure to employ me" and "termination of my employment" as acts by A-B that were discriminatory with respect to Cooper's race.[1]

Cooper did not serve his complaint on A-B until February 20, 2004. On

---

[1]As Cooper explains, the pro se complaint form did not contain a box for "suspended from employment," which was one of the actions he sought to challenge in that suit.

March 4, 2004, A-B terminated Cooper for several alleged violations of company rules which occurred within the three-day period following the service of his complaint. Cooper then filed a second charge with the EEOC and the Missouri Commission on Human Rights (MCHR) on April 27, 2004, alleging retaliatory discharge by A-B in violation of state and federal law.

While the EEOC and MCHR were still investigating Cooper's second charge, A-B moved for summary judgment in Cooper's pro se suit. A-B's brief in support of its motion for summary judgment addressed the circumstances surrounding Cooper's termination, and argued that his termination was not based on race. Cooper did not respond to A-B's motion for summary judgment. On December 9, 2004, Judge Stohr granted A-B's motion for summary judgment and held that "nothing in the record before the Court indicates that plaintiff's race played any part in the decision to terminate plaintiff's employment." Cooper did not appeal Judge Stohr's judgment.

On July 29, 2005, the EEOC completed its investigation of Cooper's allegations of retaliatory discharge and issued a charge letter to A-B. Efforts at conciliation failed, and the EEOC subsequently filed this lawsuit on September 29, 2005. On or about December 7, 2005, Cooper received a right-to-sue letter from the MCHR. Cooper moved to intervene in this action as a plaintiff on February 17,

2006.

## **Discussion**

All three pending motions hinge on the relationship between this action and Cooper's previous race discrimination suit. According to A-B, both suits arise out of A-B's discipline and termination of Cooper, and therefore res judicata bars the EEOC and Cooper from raising claims based on those same events. Alternatively, A-B maintains that this action and Cooper's prior race discrimination suit are sufficiently related to warrant a transfer to Judge Stohr. The EEOC and Cooper contend that this suit arises solely out of Cooper's termination, an event which occurred after the filing Cooper's race discrimination suit and which was never challenged by Cooper in that suit. For the reasons set forth below, I agree with the EEOC and Cooper that their present claims are not precluded by Cooper's previous race discrimination suit. Likewise, I do not find the two actions sufficiently related to justify a transfer to Judge Stohr.

Res judicata bars a party from litigating claims that were raised, or could have been raised, in a prior lawsuit if (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and same parties or their privies are involved in both cases. Banks v. Int'l Union Electronic, Electrical, Technical, Salaried and

Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (citation omitted). "If the three elements are met, the parties are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might be been offered for that purpose.'" Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (quoting C.I.R. v. Sunnen, 333 U.S. 591, 597 (1948)).

Res judicata, however, does not bar claims that did not exist at the time the first suit was filed. Id.; Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Co., 228 F.3d 883, 886 (8th Cir. 2000). For example, in Lundquist, the Court held that a plaintiff who was terminated soon after filing a discrimination suit against her employer was not precluded from bringing a second suit to challenge her termination. 238 F.3d at 978.

While claims based on conduct that occurred after the filing of a complaint may be added in a supplemental complaint pursuant to Fed. R. Civ. P. 15(d), "[t]he rule is permissive for the parties and discretionary for the court." Baker, 228 F.3d at 886. Thus, a plaintiff's failure to supplement his or her complaint does not raise a res judicata bar that precludes a second suit based on later conduct. Id.

In this case, any claim arising out of Cooper's termination did not exist at the time he filed his pro se complaint. Cooper filed his complaint in October, 2003, but

was not terminated until March, 2004. Although he may have checked the boxes for "failure to employ me" and "termination of my employment," Cooper was still employed by A-B at the time he filed his complaint. Thus, as a matter of law, he could not have asserted a claim for wrongful termination at that time. Instead, Cooper's complaint only challenged the disciplinary actions taken against him by A-B from 2000 to 2003. Cooper made no allegation, in any pleading, contesting the grounds for his termination. After March 4, 2004, Cooper could have moved to supplement his complaint with a claim for wrongful termination pursuant to Fed. R. Civ. P. 15. He did not, however, and he was not required to do so to preserve any claim based on the later conduct. Baker, 228 F.3d at 886. Under these circumstances, I find the law to be clear: res judicata does not bar the EEOC and Cooper from asserting claims based on Cooper's termination.

Judge Stohr's December 9, 2004 Order does not alter my conclusion. While it is true that Judge Stohr addressed the cause of Cooper's termination in that Order, his ruling cannot have any preclusive effect over claims that Cooper never raised in that suit and was not required to raise there. Ruling on Cooper's termination was an error, and was the product of a number of mistakes by A-B, Cooper, and the Court. The most obvious culprit is A-B, who used its motion for summary judgment as a means to argue the merits of a wrongful termination claim that Cooper had never

placed before the court. In its motion, A-B presented the facts surrounding Cooper's termination as well as A-B's alleged legitimate, nondiscriminatory reason for Cooper's discharge. Cooper's failure to respond to A-B motion for summary judgment further complicated the matter, and left the Court with a confusing record to digest.

These mistakes may have been excusable, but that fact cannot render the earlier decision a final judgment on the merits of a wrongful termination claim that Cooper never asserted. As the law stands, a plaintiff that fails to prosecute his case faces, at worst, dismissal of his claim and the imposition of costs. He does not, nor should he, face the prospect of forfeiting his right to assert claims based on conduct that had not occurred at the time he filed his lawsuit. To hold otherwise would greatly expand the scope of claim preclusion and undermine the well-accepted principle that a plaintiff is the master of his own complaint.

For the foregoing reasons, I find that res judicata does not bar the EEOC or Cooper from asserting wrongful termination claims based on A-B's March 4, 2004 termination of Cooper. I will therefore deny A-B's motion to dismiss and will grant Cooper's request to exercise his statutory right to intervene in this matter pursuant to Fed. R. Civ. P. 24(a). See 42 U.S.C. § 2000e-5(f)(1). Finally, I will deny A-B's motion to transfer this case to Judge Stohr.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Anheuser-Busch Inc.'s motion to transfer [# 7] and motion to dismiss [# 10] are both denied.

**IT IS FURTHER ORDERED** that Frank Cooper's motion to intervene as a plaintiff in this action [# 17] is granted. The complaint accompanying Cooper's motion to intervene shall be deemed filed as of the date of that motion.

This case will be set for a Rule 16 scheduling conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2006.